UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARKEETA RIVERA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) Case No. 4:12CV362 RWS |
| | ) |
| SIMPATICO, INC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendant Simpatico, Inc. removed this case to this Court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1453.  Plaintiffs have moved to remand this matter back to state court.  I will gant the motion to remand because Simpatico[1] has failed to establish the amount in controversy required under CAFA to vest jurisdiction in this Court.

*Background*

Defendant Simpatico sells cleaning franchises in the St. Louis metropolitan area under the trade name of Stratus Building Solutions.  The franchisees provide cleaning services to commercial accounts.  The owners of Simpatico formed Defendant Stratus Franchising, LLC which sells franchises throughout the United States.  Instead of selling the franchises directly to the franchisees which perform the actual cleaning services, Stratus Franchising sells Master Franchises.  The Master Franchisees are given the right to sell franchises in an exclusive territory to Unit Franchises who are the people who perform the actual cleaning services.

This lawsuit is brought as a class action on behalf of all Unit Franchisees.  Plaintiffs assert that the Master Franchisees have not performed as they were obligated to under the

---

[1] Defendants Simpatico and Stratus Franchising shall be referred to jointly as Simpatico.

franchise agreements.  Plaintiffs also assert that Stratus Franchising exerts so much control over the Master Franchisees that the Master Franchisees are not independent businesses but are merely agents of Stratus Franchising.  In the future Plaintiffs may seek breach of contract and other damages against the Master Franchisees.  In the present case, however, Plaintiffs seek only a declaratory judgment that Stratus Franchising is the principal of the Master Franchisees for purposes of vicarious liability under Missouri law and/or that Defendants are jointly liable for any future claim by Plaintiffs against the Master Franchisees.

Plaintiffs filed this case in Missouri state court.  Simpatico removed this case under CAFA 28 U.S.C. §1453.  Plaintiffs seeks remand because the amount in controversy requirement of CAFA has not been met.

### *Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction.  See 28 U.S.C. § 1441(b).   The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  Id.  The jurisdictional doubt standard also applies in cases removed under CAFA.  See Bartnikowski v. NVR, Inc., 307 Fed. Appx. 730, 739 (4th Cir. 2009)(jurisdictional doubts are resolved in favor of remand in CAFA cases); Smith v. Nationwide Property and Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007)(same); Miedema v. Maytag Corp., 450 F.3d 1322, 1329-30 (11th Cir. 2006)(same); Morgan v. Gay, 471 F.3d 469, 472 (3rd Cir. 2006)(rejecting proposition that close jurisdictional calls under CAFA should be resolved in favor of federal jurisdiction).

As the party seeking removal, Simpatico must establish that jurisdiction is proper and any doubts about the Court's jurisdiction must be resolved in favor of remand.

*Discussion*

CAFA provides that federal courts have jurisdiction over class actions based on state law when (1) there is "minimal" diversity, meaning that at least one plaintiff and one defendant are from different states; (2) the amount in controversy exceeds $5,000,000; and (3) the action involves at least 100 class members. 28 U.S.C. § 1332(d)(2), (d)(5)(B).

However, CAFA does not confer a right to defendants to be in federal court.

> [N]othing in CAFA grants such a right. According to CAFA, its purposes are to: "1) assure fair and prompt recoveries for class members with legitimate claims; 2) restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction; and 3) benefit society by encouraging innovation and lowering consumer prices." 28 U.S.C. § 1711 note; Class Action Fairness Act of 2005, § 2(b), 119 Stat. at 5. The first purpose relates only to plaintiffs, while the second and third purposes speak to society-at-large's benefits, not to defendants'. While some defendants may benefit by having their cases in federal instead of state court, this is not a stated purpose of the Act.

Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1073-74 (8th Cir. 2006).

A case removed under CAFA must be remanded if all of the requirements under 28 U.S.C. § 1332(d)(2), (d)(5)(B) are not met.

The parties do not dispute the that there is minimal diversity and that this action involves at least 100 class members.  The parties dispute the amount in controversy.  In a declaratory action, the amount in controversy is measured by the value of the object of the litigation. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005).

Simpatico asserts that Plaintiffs' complaint seeks to challenge the validity of the Unit

Franchise agreements and to have the class members be reclassified as employees of Defendants. Simpatico argues that such a reclassification would entitle the class members to minimum wages, overtime pay, benefits and worker's compensation. Simpatico concludes that because the proposed class encompasses over 3,000 franchises with franchise cost of approximately $2,700 each, the amount in controversy is well above $5 million if the franchise agreements are found to be invalid.

Plaintiffs argue that their complaint does not seek such extensive relief. The prayer for relief in Plaintiffs' complaint simply seeks to clarify the legal relationship between Stratus Franchising and the Master Franchisees. The prayer for relief does not seek any determination of the validity of the Unit Franchise agreements. Nor does it make any claim for breach of contract or a determination that the proposed class members are employees of Defendants. Plaintiff asserts that these issues may be raised in later lawsuits but are not part of the present action.

A plaintiff is the master of his complaint and jurisdiction over the complaint "'generally depends upon the case made and relief demanded by the plaintiff.'" U.S. v. Mottaz, 476 U.S. 834, 850, 106 S.Ct. 2224, 2234 (1986)(quoting In Healy v. Sea Gull Specialty Co., 237 U.S. 479, 481(1915). Plaintiffs in this action limit the relief they seek to a declaration of the legal relationship between Stratus Franchising and the Master Franchisees. Plaintiffs bring no other claims nor do they seek any damages. Although lawsuits may be filed, after the resolution of the present case, which challenge the validity of the franchise agreements or the employment status of the franchisees, the damages arising from such prospective lawsuits is speculative and cannot be used as the basis to determine the amount in controversy in the present action. As a result, I find that Simpatico has not established that the amount in controversy in this matter exceeds $5

million and this case should be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [#16] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2012.